**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION**

| | |
|---|---|
| SHAVONNE GEDDIS-WRIGHT, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br>vs.<br><br>AMERICAN HONDA MOTOR COMPANY, INC.,<br><br>    Defendant. | Case No. 5:24-cv-04886-MGL |

**DEFENDANT AMERICAN HONDA MOTOR COMPANY, INC.'S LOCAL RULE 26.03
SUPPLEMENT TO RULE 26(F) REPORT**

**(1) A short statement of the facts of the case.**

Plaintiff Shavonne Geddis-Wright seeks to represent both a nationwide and South Carolina subclass of all persons who purchased or leased any 2020-2021 Honda Civic, 2020-2023 Honda Ridgeline, 2021-2023 Honda Passport, 2021-2022 Honda Pilot, and 2020 Acura MDX vehicles. Specifically, Plaintiff alleges these vehicles are defective because there is a risk their tie rod fasteners will become loosened, resulting in a brake malfunction. Plaintiff alleges that Defendant American Honda Motor Company, Inc. ("AHM") was aware of this before she bought her vehicle, and that this caused her to pay more than the vehicle was actually worth. Plaintiff asserts claims for breach of the implied warranty of merchantability, fraud by omission or fraudulent concealment, unjust enrichment, strict liability claims for either a design or manufacturing defect, and violation of the Magnuson-Moss Warranty Act.

1

However, Plaintiff's own vehicle has never experienced this braking issue. And it never should, because AHM voluntarily recalled the proposed class vehicles to address the potential safety issue. AHM has also provided for replacement and reimbursement for certain out-of-pocket costs. Plaintiff has not even attempted to avail herself of AHM's recall, replacement, and reimbursement measures, instead bringing this lawsuit. Consequently, Plaintiff's claims are simultaneously not ripe and also moot. Furthermore, Plaintiff's claim of reduced resale value is speculative and unsupported by legal authority, due to AHM's offer to address the issue.

In addition, Plaintiff's Complaint, which is identical to one previously filed and dismissed in California (*Shavonne Geddis-Wright v. American Honda Motor Company, Inc.*, Civil Action No. 2:23-cv-06940-WLH-SSC in the United States District Court for the Central District of California, Western Division), fails for a host of additional reasons, as detailed below in Section 4.

**(2) The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony.**

The list of potential witnesses below is not exhaustive, and is subject to expansion or revision as discovery progresses:

- Plaintiff Shavonne Geddis-Wright

- Representatives or employees of American Honda Motor Company, Inc. may have responsive information including about sales, AHM's recall of the class vehicles, and warranty information;

- Representatives or employees of Honda Development & Manufacturing of America, LLC may have responsive information including about AHM's recall of the class vehicles;

- Individuals or representatives from independent, authorized Acura and Honda dealerships;

- Individuals or representatives that serviced Plaintiff and putative class members' vehicles who will testify regarding service provided to vehicles at issue;

- All necessary custodians of records regarding the authenticity of various business records;

- All necessary foundation witnesses; and

- Other third parties whose identities are presently unknown to the parties.

**(3) The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).**

The Parties have not determined what expert witnesses they will call in this matter. The Parties anticipate they may call experts in the following fields of expertise:

- Technical and/or engineering

- Human Factors

- Statistics

- Marketing/Consumer Expectations

- Economic damages

- Any other subject matter or damages experts as necessary including but not limited to rebuttal experts.

**(4) A summary of the claims or defenses with statutory and/or case citations supporting the same.**

- Plaintiff's claims:
    - breach of the implied warranty of merchantability
    - fraud by omission or fraudulent concealment
    - unjust enrichment
    - strict liability claims for either a design or manufacturing defect

3

- o   violation of the Magnuson-Moss Warranty Act

- AHM's defenses

    - o   Plaintiff's claims are not ripe.  *See Trustgard Ins. Co. v. Collins,* 942 F.3d 195, 199 (4th Cir. 2019); *Spokeo, Inc. v. Robins,* 578 U.S. 330, 338 (2016).

    - o   Plaintiff's claims are moot.  *See CNF Constructors v. Donohoe Constr. Co.,* 57 F.3d 395, 402 (4th Cir. 1995); *Cannon v. Pulliam Motor Co.,* 230 S.C. 131, 139 (1956).

    - o   Plaintiff has not alleged facts showing that her vehicle was unmerchantable at the time of sale.  *Carlson v. Gen. Motors Corp.,* 883 F.2d 287, 297 (4th Cir. 1989).

    - o   Plaintiff has failed to satisfy South Carolina's notice requirement for a breach of implied warranty claim.  *See* S.C. Code Ann. § 36-2-607.

    - o   Plaintiff's fraud by omission, fraudulent concealment claims, and unjust enrichment claims are improperly brought under California law.  *See Manigault-Johnson v. Google, LLC,* 2019 U.S. Dist. LEXIS 59892, at *10-*11, 2019 WL 3006646, at *3 (D.S.C. March 31, 2019).

    - o   Plaintiff's California fraud claims are barred under the economic loss rule.  *Rattagan v. Uber Techs., Inc.,* 553 P.3d 1213, 1224 (Cal. 2024); *Burgos v. Am. Honda Motor Co., Inc.,* 2024 U.S. Dist. LEXIS 84047, at *14-*15, 2024 WL 2108843, at *4 (C.D. Cal. May 7, 2024).

    - o   Plaintiff fails to state her fraud claims with particularity.  *Gallishaw v. R.J. Reynolds Tobacco Co., Inc.,* 2023 U.S. Dist. LEXIS 235247, at *11-*12, 2023 WL 9953515, at *5 (D.S.C. Nov. 30, 2023).

- Plaintiff's unjust enrichment claim is barred because Plaintiff has an adequate remedy at law. *T-Zone Health Inc. v. SouthStar Cap. LLC,* 2023 U.S. Dist. LEXIS 137783, at *24, 2023 WL 5021952, at *7 (D.S.C. Aug. 7, 2023).

- The economic loss rule bars Plaintiff's manufacturing and design defect claims. *Sapp v. Ford Motor Co.,* 687 S.E.2d 47, 49 (S.C. 2009).

- Plaintiff cannot bring a claim under the Magnuson Moss Act because there are fewer than 100 named plaintiffs. *See* 15 U.S.C. § 2310(d)(3)(C); *see also Carlson v. General Motors Corp.,* 883 F.2d 287, 289 n. 3 (4th Cir. 1989).

- No class can be properly certified because the Rule 23 requirements of predominance, typicality, commonality, and superiority are not met. Fed. R. Civ. P. 23(a)-(b). Additionally, the putative class cannot be certified because it contains members who have not suffered an injury and therefore lack standing. *See, e.g.*, *Alig v. Rocket Mortg., LLC*, 52 F.4th 167, 168 (4th Cir. 2022) ("'[E]very class member must have Article III standing' 'for each claim that they press,' requiring proof that they 'suffered concrete harm' from the challenged conduct." (quoting *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021))).

**(5) Absent special instructions from the assigned judge, proposed dates for the following deadlines listed in Local Civ. Rule 16.02 (D.S.C.):**

**(a) Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures**

- **Plaintiff** – March 31, 2026

- **Defendant** – July 17, 2026

**(b) Completion of discovery –** August 26, 2026

**(6) Any special circumstances that would affect the time frames applied in preparing the scheduling order. See generally Local Civ. Rule 16.02(C) (D.S.C.) (Content of Scheduling Order).**

This matter is a putative class action, and thus the scheduling order in this case should reflect adequate time for class certification briefing and the use of multiple experts.

**(7) Any additional information requested in the Pre-Scheduling Order (Local Civ. Rule 16.01 (D.S.C.)) or otherwise requested by the assigned judge.**

Not applicable.

This 13th day of January, 2025.

                **SHOOK, HARDY & BACON LLP**

                /s/ *Caroline M. Gieser*

                Caroline M. Gieser
                SC Fed. ID # 12627
                cgieser@shb.com
                1230 Peachtree St., Suite 1200
                Atlanta, GA 30309
                Tel: (470) 867-6013
                Fax: (470) 867-6001

                *Counsel for Defendant American Honda Motor Company, Inc.*